UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CR-30 DRL-MGG |
| QUINTIN FERGUSON, | |
| Defendant. | |

OPINION & ORDER

The government charged Quintin Ferguson with arson in violation of 18 U.S.C. § 844(i). Mr. Ferguson moves *in limine* to exclude a video allegedly depicting him engaging in the felonious conduct. He says the video cannot be authenticated. The court denies his motion.

The court has broad discretion to rule on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidentiary rulings ordinarily should not be made until trial when the court can resolve admissibility issues in their proper context. The court thus excludes evidence *in limine* only when it is "clearly inadmissible on all potential grounds." *United States v. Jackson*, __ F. Supp.3d __, 2021 U.S. Dist. LEXIS 77577, 2 (N.D. Ind. Apr. 22, 2021) (citation omitted). If admissible on one ground or another, the court will defer ruling on admissibility until trial. *See id.* Even when the court grants a motion *in limine*, the order remains preliminary and subject to the court's revision at trial. *See Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

"A party seeking to admit evidence must first establish a foundation for its authenticity." *United States v. Brewer*, 915 F.3d 408, 416 (7th Cir. 2019), *cert. denied*, 139 S. Ct. 2706 (2019). To authenticate a piece of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This can be done through "[t]estimony of a

[w]itness with [k]nowledge" that the "item is what it is claimed to be." Fed. R. Evid. 901(b)(1). The "government can authenticate a recording by offering testimony of an eyewitness that the recording accurately reflects the events as they occurred." *Brewer*, 915 F.3d at 417 (citation and quotation omitted); *accord United States v. Cejas*, 761 F.3d 717, 723, 725 (7th Cir. 2014). "Only a *prima facie* showing of genuineness is required; the task of deciding the evidence's true authenticity and probative value is left to the jury." *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (citation omitted).

The video here is not without seeming issues. The footage purports to be an iPhone screen recording of a Facebook video call. It lacks sound. The picture quality ebbs at times. Mr. Ferguson claims the footage goes "inexplicably dark" at one point, though only after the excerpt of true concern. The iPhone that captured the video was ostensibly sold before it could be examined. But the video nonetheless lends to testimony that it fairly and accurately depicts what transpired. *See Cejas*, 761 F.3d at 723, 725. On this preliminary record, Mr. Ferguson's issues bear on credibility and weight, not admissibility. *See Fluker*, 698 F.3d at 999. For purposes of authentication, particularly at this preliminary stage, the government need only demonstrate that a witness with knowledge of the video will testify that the video is indeed what it is claimed to be. *See Brewer,* 915 F.3d at 417. The government has made such a proffer.

The government plans to call as a witness the woman who recorded the video and was on the video call with Mr. Ferguson to testify that the video was taken on an iPhone, that it was recorded at the date and time of the arson, that it depicts Mr. Ferguson in the woman's apartment lighting a mattress on fire, and that it is a fair and accurate representation of the video call between the woman and Mr. Ferguson [ECF 42 at 6]. The witness plans to testify that the video was not edited, thus presumably that the phone was working properly. The government further argues that the woman's testimony regarding the authenticity of this video is consistent with prior police reports about the incident [*id.*]. For purposes of a *prima facie* showing of authentication, this proffered testimony of an

individual with knowledge is enough. *See* Fed. R. Evid. 901(a), (b)(1); *see also Brewer,* 915 F.3d at 417. Mr. Ferguson also has not shown that any undue prejudice substantially outweighs the video's probative value under Rule 403, as argued in reply alone.

Because a motion *in limine* only should be granted when the evidence is "clearly inadmissible on all potential grounds," *Jackson*, 2021 U.S. Dist. LEXIS 77577 at 2, and the government's proffered witness testimony makes a *prima facie* showing of this video's authenticity, *see* Fed. R. Evid. 901(a), (b)(1); *see also Brewer,* 915 F.3d at 417, Mr. Ferguson's motion must be denied. A hearing is unnecessary. Any matters that need to be taken up outside the jury's presence related to this video may be addressed at trial. *See* Fed. R. Evid. 104(c)(3).

## CONCLUSION

Accordingly, the court DENIES Mr. Ferguson's motion *in limine* [ECF 27] and DENIES his request to hold an evidentiary hearing on this motion at this time.

SO ORDERED.

December 10, 2021                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court